UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: DENNIS FABIAN                              CIVIL ACTION

                                                  NO. 16-4674

                                                  SECTION: "G"(5)

## ORDER

Before the Court is Dennis Fabian's ("Fabian") "Motion to Stay Pending Appeal."[1] On May 10, 2016, Fabian filed a notice of appeal in this Court, appealing Bankruptcy Judge Jerry Brown's May 4, 2016 Order lifting an automatic stay entered in Fabian's Chapter 13 bankruptcy proceeding.[2] On June 1, 2016, Fabian filed a "Motion for Expedited Hearing"[3] on his "Motion for Stay Pending Appeal,"[4] which this Court granted, setting the "Motion for Stay Pending Appeal"[5] for submission, without oral argument, on June 22, 2016.[6] On June 13, 2016, Creditors Glenda Bonneval and Arthur Bonneval (collectively, "the Bonnevals"), filed their opposition to Fabian's motion to stay.[7] On June 16, 2016, Fabian filed a reply brief in further support of his motion to stay.[8] Having considered the motion, the memoranda in support and in opposition, the

---

[1] Rec. Doc. 2.

[2] Rec. Doc. 1.

[3] Rec. Doc. 3.

[4] Rec. Doc. 2.

[5] Rec. Doc. 2.

[6] Rec. Doc. 4.

[7] Rec. Doc. 5.

[8] Rec. Doc. 10.

record, and the applicable law, the Court will deny the motion.

## I. Background

On April 15, 2016, Fabian filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[9] On April 26, 2016, the Bonnevals filed a motion for relief from the automatic stay imposed by 11 U.S.C. § 362, requesting that the Bankruptcy Court lift the automatic stay to allow the Bonnevals to pursue a judgment of possession proceeding in state court as to property the Bonnevals leased to Fabian and his wife.[10]

On May 4, 2016, the Bankruptcy Judge granted the motion and lifted the automatic stay.[11] On May 4, 2016, Fabian filed a motion for reconsideration,[12] which the Bankruptcy Court denied on May 5, 2016.[13] On May 10, 2016, Fabian filed a notice of appeal in this Court, appealing the Bankruptcy Judge's May 4, 2016 Order lifting an automatic stay entered in Fabian's Chapter 13 bankruptcy proceeding.[14]

## II. Parties' Arguments

### A. Fabian's Arguments in Support of Motion to Stay

Fabian moves this Court to stay the Bankruptcy Judge's May 5, 2016 Order lifting the automatic stay previously entered by the Bankruptcy Court.[15] Fabian contends that he was in the

---

[9] Bankruptcy Rec. Doc. 1.

[10] Bankruptcy Rec. Doc. 12.

[11] Bankruptcy Rec. Doc. 25.

[12] Bankruptcy Rec. Doc. 26.

[13] Bankruptcy Rec. Doc. 28.

[14] Rec. Doc. 1.

[15] Rec. Doc. 2.

hospital on May 4, 2016, the date that a hearing took place before the Bankruptcy Court.[16] He asserts that his wife was present at the hearing and requested a continuance.[17] According to Fabian, the Bankruptcy Judge denied the request for a continuance and entered an order lifting the automatic stay.[18] Fabian asserts that he filed a motion for reconsideration, arguing that the continuance should have been granted and that the Bankruptcy Court was without standing to grant the stay because Arthur Bonneval is not a landlord of the property or a creditor in this case.[19] Following the Bankruptcy Judge's denial of the motion, Fabian filed a notice of appeal in this case.[20] Accordingly, Fabian requests that the Court stay the May 5, 2016 Order lifting the automatic stay pending appeal.[21]

### *B. The Bonnevals' Arguments in Opposition to Motion to Stay*

In opposition, the Bonnevals argue that the first issue raised in this appeal is now moot.[22] They argue that the Bankruptcy Judge lifted the automatic stay on May 4, 2016, and that the order was stayed by the bankruptcy rules for 14 days.[23] Following the expiration of the 14 day term, the Bonnevals assert that the state court issued an Order of Rule for Possession.[24] The Bonnevals

---

[16] Rec. Doc. 2-1 at 1.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] Rec. Doc. 5 at 1.

[23] *Id.*

[24] *Id.*

contend that once the order was signed by the state court this appeal became moot.[25] The Bonnevals contend that Fabian could have moved for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007, but he waited too long to apply for such relief.[26]

Moreover, the Bonnevals argue that Fabian and his wife are abusing the bankruptcy system.[27] The Bonnevals assert that Fabian and his wife owe them back-due rent.[28] The Bonnevals contend that they filed for possession of the premises on January 26, 2016 in state court, and a hearing was scheduled for February 2, 2016.[29] They argue that Fabian's wife, Katherine Pinillo, filed a Chapter 13 Petition, on February 1, 2016, listing Glenda Bonneval as the only creditor, which stayed the Rule for Possession proceeding.[30] The Bonnevals contend that the Bankruptcy Court lifted the automatic stay in Katherine Pinillo's bankruptcy case on March 24, 2016.[31] The Bonnevals assert that a Rule for Possession hearing was scheduled in state court on April 19, 2016, but on April 15, 2016, Fabian filed a Chapter 13 Petition, listing Glenda Bonneval as the only creditor.[32]

The Bonnevals argue that the only defense and only legal argument raised by Fabian is that Arthur Bonneval was not listed as a creditor and had no standing to ask for relief from the

---

[25] *Id.*

[26] *Id.*

[27] *Id.* at 2.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

automatic stay.[33] They contend that Arthur Bonneval had standing as a signer on the lease and co-owner of the property.[34] Alternatively, they assert that Glenda Bonneval had standing as a co-signer on the lease, a co-owner of the property, and a mover for relief from the stays.[35]

### *C. Fabian's Arguments in Further Support of Motion to Stay*

In his reply brief, Fabian argues that he is not obligated to pay any rent to Glenda Bonneval without Arthur Bonneval becoming "part of any interest in the areas they own on rent."[36] He asserts that Arthur Bonneval is not a party in interest in this proceeding.[37] He contends that Arthur Bonneval did not sign the lease and is not listed as a creditor in the bankruptcy proceedings.[38] He urges the Court to grant his motion to stay pending appeal because he asserts that failure to do so will cause him irreparable harm.[39]

## III. Law and Analysis

Federal Rule of Bankruptcy Procedure 8007(a)(1)(A) provides that "[o]rdinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Such a motion may be made in the bankruptcy court either before or after the notice of appeal is filed.[40] However, pursuant to Federal Rule of Bankruptcy

---

[33] *Id.* at 3.

[34] *Id.*

[35] *Id.*

[36] Rec. Doc. 10 at 2.

[37] *Id.* at 3.

[38] *Id.* at 4.

[39] *Id.* at 5.

[40] Fed. R. Bank. P. 8007(a)(2).

Procedure 8007(b), a motion for a stay pending appeal may be made in the court where the appeal is pending. The motion must:

> (A) show that moving first in the bankruptcy court would be impracticable; or
> (B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling.[41]

Here, the Bankruptcy Court record reflects that Fabian did not move the Bankruptcy Judge to stay the May 5, 2016 Order, lifting the automatic stay, pending appeal. Fabian's motion does not address whether moving for a stay first in the Bankruptcy Court would be impracticable. However, Fabian appears to be requesting the same relief from this Court as the relief denied to him by the Bankruptcy Court, a stay of the state proceedings. Therefore, it appears that moving for a stay first in the Bankruptcy Court would be impracticable.

Pursuant to Federal Rule of Bankruptcy Procedure 8007(b)(3), the motion for a stay pending appeal must also include:

> (A) the reasons for granting the relief requested and the facts relied upon;
> (B) affidavits or other sworn statements supporting facts subject to dispute; and
> (C) relevant parts of the record.

The party who seeks a stay pending appeal in a bankruptcy matter must show: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay.[42]

Fabian has not shown a likelihood of success on the merits of his appeal. The only argument

---

[41] Fed. R. Bank. P. 8007(b)(2).

[42] *See Carroll v. Abide*, No. 15-508, 2015 WL 5320917 (M.D. La. Sept. 11, 2015) (citing *In re A & F Enterprises, Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014); *Hunt v. Bankers Trust Co.*, 299 F.2d 1060, 1067 (5th Cir. 1986)).

raised by Fabian is that the Bankruptcy Court erred in lifting the automatic stay because Arthur Bonneval was not listed as a creditor and had no standing to ask for relief from the automatic stay. The Court is not persuaded by this argument because the Bonnevals jointly moved to lift the automatic stay, and Fabian does not dispute that Glenda Bonneval signed the lease.

### IV. Conclusion

Fabian has failed to meet his burden of showing a likelihood of success on the merits of his appeal. Accordingly,

**IT IS HEREBY ORDERED** that the "Motion for Stay Pending Appeal"[43] is **DENIED.**

**IT IS FURTHER ORDERED** that the "Emergency Motion for Expedited Ruling on Motion for Stay Pending Appeal" is **DENIED AS MOOT.**[44]

**NEW ORLEANS, LOUISIANA**, this 21st day of June, 2016.

                          **NANNETTE JOLIVETTE BROWN**
                          **UNITED STATES DISTRICT JUDGE**

---

[43] Rec. Doc. 2.

[44] Rec. Doc. 9.